## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SARITA A. DIXON AND TROY J. DIXON** | * | **CIVIL ACTION NO.: 3:23-cv-313** |
| | * | |
| **Plaintiffs** | * | **SECTION:** |
| | * | |
| **VERSUS** | * | |
| | * | **MAG. JUDGE:** |
| **LIBERY MUTUAL INSURANCE** | * | |
| **COMPANY, LIBERTY PERSONAL** | * | |
| **INSURANCE COMPANY, LIBERTY** | * | |
| **MUTUAL FIRE INSURANCE** | * | |
| **COMPANY, AND MICHELLE A.** | * | |
| **NASH** | * | |
| | * | |
| **Defendants** | * | |

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

## NOTICE OF REMOVAL

Defendants, Liberty Mutual Insurance Company, Liberty Personal Insurance Company, and, Liberty Mutual Fire Insurance Company (collectively "Liberty") respectfully submit this Notice of Removal of the above-styled action, and in support show as follows:

## I.  BACKGROUND

1.

This action began on or about March 15, 2023, when Plaintiffs, Sarita A. Dixon and Troy J. Dixon, filed a Petition for Damages ("Petition") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *Sarita A. Dixon and Troy J. Dixon v. Liberty Mutual Insurance Company, Liberty Personal Insurance Company, Liberty Mutual Fire Insurance Company, and Michelle A. Nash,* bearing civil docket number C-729873, Division "32."[1]

---

[1]    *See generally*, Copies of All Process, Pleadings, and Orders, attached as Exhibit A.

2.

Plaintiffs allege that they own a home located at 4911 Piney Point Avenue, Baton Rouge, Louisiana 70817 that was insured under a policy of insurance issued by Liberty and procured by Michelle A. Nash, "a captive agent for Liberty Mutual" in the course and scope of her employment with Liberty.[2] Plaintiffs allege that their home was damaged by a fire on or about December 25, 2022, and rendered a total loss.[3]

3.

Plaintiffs claim that their "homeowner's insurance policy's limits failed to provide adequate coverage for the loss of [their] home, even though defendant, Michelle A. Nash and Liberty Mutual, represented to them that they had a policy that would cover 100% of the cost to rebuild/replace the home and which included an inflation protection endorsement that would increase the policy limit based on the latest available information on residential building cost inflation and a home protector plus endorsement which would add an additional 20% to the policy limits."[4]

4.

Plaintiffs allege that Defendants are liable "jointly and *in solido*" for, among other things, failing "to use reasonable diligence in obtaining sufficient insurance to provide coverage for [their] home"; failing "to inform [them] that sufficient coverage had not been acquired"; failing to "take into account the increased cost of building materials and labor" in determining "the appropriate based policy limits for [their] home"; "misrepresenting to [them] that were was sufficient coverage

---

[2]     Petition ¶¶ 3, 15.

[3]     *Id*. ¶ 9.

[4]     *Id*. ¶ 12.

to pay for replacement of a total loss of the property"; and "setting the policy limits too low to provide full replacement cost coverage as instructed and misrepresented."[5]

5.

Plaintiffs seek damages "which include but are not limited to, the difference in value of the policy limits including endorsement increases and the cost to replace and rebuild their home, mental anguish, expert witness fees," interest, and costs.[6]

6.

As discussed more fully in Section III, *infra*, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) within 30 days of service of the Petition on Liberty.

7.

Venue for this removal is proper because the United States District Court for the Middle District of Louisiana is the district court embracing East Baton Rouge Parish, Louisiana—where the state court action is pending.[7]

## II. GROUNDS FOR REMOVAL—DIVERSITY OF CITIZENSHIP JUDISDICTION

8.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there exists complete diversity of citizenship between Plaintiffs and all properly joined Defendants and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

---

[5]     *Id*. ¶ 14.

[6]     *Id*. ¶ 16.

[7]     *See* 28 U.S.C. § 1441; 28 U.S.C. § 98(b).

## A. Complete Diversity of Citizenship of Properly Joined Defendants

9.

Plaintiffs, Sarita A. Dixon and Troy J. Dixon, aver that they are domiciled in the State of Louisiana.[8] Thus, Plaintiffs are citizens of the State of Louisiana for purposes of diversity jurisdiction.

10.

Liberty Mutual Insurance Company is organized under the laws of the State of Massachusetts with its principal place of business at 175 Berkley Street, Boston, Massachusetts 02116.  Thus, Liberty Mutual Insurance Company is a citizen of the State of Massachusetts for purposes of diversity jurisdiction.

11.

Liberty Personal Insurance Company is organized under the laws of the State of New Hampshire with its principal place of business at 175 Berkley Street, Boston, Massachusetts.  Thus, Liberty Mutual Insurance Company is a citizen of the States of New Hampshire and Massachusetts for purposes of diversity jurisdiction.

12.

Liberty Mutual Fire Insurance Company is incorporated in the State of Wisconsin with its principal place of business at 175 Berkley Street, Boston, Massachusetts 02116. Thus, Liberty Personal Insurance Company is a citizen of the States of Wisconsin and Massachusetts for purposes of diversity jurisdiction.

---

[8]    Petition, at p. 1.

13.

The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiffs and all properly joined Defendants are citizens of different States.

### B. Michelle A. Nash is Improperly Joined

14.

Where a plaintiff improperly joins a non-diverse defendant in a lawsuit, the court may "disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant[s]."[9]

15.

To establish improper joinder, a removing party must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[10]  Where a complaint states a claim that satisfies Rule 12(b)(6) but has "misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[11] Ultimately, there must be a "reasonable possibility of recovery" against the non-diverse or forum-defendant, "not merely a theoretical one."[12]

---

[9]     *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

[10]     *See Mumfrey v. CVS Pharm., Inc.*, 719 F. 3d 392, 401 (5th Cir. 2013).

[11]     *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004), *cert denied* 544 U.S. 992 (2005)*; see also Hornbuckle v. State Farm Lloyds*, 385 F. 3d 538, 545–46 (5th Cir. 2004) ("[A] local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant.  Were this not the rule, the removal rights of out-of-state defendants would largely be theoretical and practically meaningless.").

[12]     *Ross v. Citifinancial, Inc.*, 344 F. 3d 458, 462 (5th Cir. 2003).

5

16.

Ms. Nash has been improperly joined as a party to this action because Plaintiffs are unable

to establish a cause of action against her under Louisiana law.  Plaintiffs admit that Ms. Nash, "[a]t

all times relevant hereto…was working as a captive agent for Liberty Mutual and in the course

and scope of her duties as an employee of Liberty Mutual…" with respect to procuring the

homeowners insurance at issue.[13]

17.

Louisiana Revised Statute 9:5606 establishes the time period for bringing a lawsuit against

insurance agents and brokers and provides as follows:

> No action for damages against any insurance agent, broker, solicitor, or other
> similar licensee under this state, whether based upon tort, or breach of contract, or
> otherwise, arising out of an engagement to provide insurance services shall be
> brought unless filed in a court of competent jurisdiction and proper venue within
> one year from the date of the alleged act, omission, or neglect, or one year from the
> date that the alleged act, omission, or neglect is discovered or should have been
> discovered.  However, even as to actions filed within one year from the date of such
> discovery, in all events such actions shall be filed at the latest within three years
> from the date of the alleged act, omission, or neglect.[14]

In sum, this statute "requires a plaintiff to file suit against an insurance agent within one year of

the plaintiff's knowledge or constructive knowledge of the act, omission, or neglect that led to the

cause of action, and no later than three years after the act, omission, or neglect actually occurred."[15]

The statute's one-year and three-year limitation periods are peremptive in nature and, therefore,

under Louisiana law, may not be interrupted or suspended.[16]

---

[13]     Petition ¶ 15.

[14]     *See* La Rev. Stat. § 9:5606(A).

[15]     *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 670 (5th Cir. 2007).

[16]     *See* La. Rev. Stat. § 9:5606(D).

18.

Plaintiffs contend that Ms. Nash was "negligent" in the following actions:

a.  Failure to use reasonable diligence in obtaining sufficient insurance to provide coverage for petitioners' home;

b.  Failure to inform petitioners that sufficient coverage had not been acquired to cover the costs of rebuilding or replacing their home;

c.  Failure to reasonably take into account the increased cost of building materials and labor when determining the appropriate base policy limits for petitioners' home;

d.  Misrepresenting to petitioners that there was sufficient insurance coverage to pay for replacement of a total loss of the property;

e.  Setting the policy limits too low to provide full replacement cost coverage as instructed and misrepresented…."[17]

These alleged acts and omissions stem directly from Ms. Nash's alleged procurement of the insurance policy under which Plaintiffs claim coverage.  However, Plaintiffs misstate or omit important facts regarding the procurement of the policy.

19.

Specifically, the Petition alleges that "[o]n March 15, 2022, petitioners purchased a policy of insurance with Liberty Mutual, with Michelle A. Nash as their agent, that was to provide full replacement cost coverage for their home and contents…."[18]  The Petition should have stated that petitioners *renewed* their policy of insurance effective March 15, 2022. In fact, Plaintiffs first purchased a policy of homeowners insurance for their residence at 4911 Piney Point Avenue from Liberty Insurance Corporation on or about March 15, 2010 under policy number H37-298-391186-

---

[17]    Petition ¶ 14.

[18]    *Id*. ¶ 8.

40.[19]  This policy was in effect from March 15, 2010 until March 15, 2011, and was renewed each year from 2010 to 2013 without any material changes in coverage until 2014, when it was rewritten under policy number H3F-298-391186-40 by Liberty Personal Insurance Company.[20] Accordingly, the policy at issue in this action—policy number H3F-298-391186-40—is a renewal of policy issued in 2014-2015.[21]  And, there have been no material changes in the policy for at least four years.[22]

20.

At all times relevant hereto, Ms. Nash was employed by and acted as an agent for Liberty, as acknowledged by Plaintiffs in the Petition, and procured the policies for Plaintiffs.[23]

21.

Under Louisiana law, subsequent renewals of insurance policies generally "do not operate to restart peremption."[24]  Thus, for purposes of this Notice of Removal, any of the alleged acts or omissions by Ms. Nash would have occurred no later than March of 2014 when Liberty Personal Insurance Company issued policy number H3F-298-391186-40 (and possibly no later than March 2010 when Liberty Insurance Corporation issued H37-298-391186-40), not on March 15, 2022 when the policy was simply renewed with no material changes to its terms.  Because Ms. Nash procured the policy well over three years before Plaintiffs filed this action on March 15, 2023 and there have been no material changes in the policy's terms, Plaintiffs' claims against Ms. Nash are

---

[19]    *See* Declaration of Darren Demmon, attached as Exhibit B, at ¶ 3.

[20]    *Id*. at ¶ 4.

[21]    *Cf. id*.; see also a copy of policy no. H3F-298-391186-40, attached as Exhibit C.

[22]    *Compare* Exhibits B1-B4 *with* Exhibit C.

[23]    *See* Petition ¶ 15; *see also* Exhibit B at ¶ 3; *see also* Declaration of Michelle Nash, attached as Exhibit D.

[24]    *Branton v. Maddox*, 42,853 (La. App. 2 Cir. 1/9/08), 974 So. 2d 190, 192 (quoting *White v. Allstate Ins. Co.*, 513 F. Supp. 2d 674 (E.D. La. 2007)).

perempted.  Therefore, Plaintiffs cannot demonstrate that they have a cause of action against Ms.

Nash; thus, she was improperly joined as a defendant.

22.

Even if the claims against Ms. Nash are not preempted, which Liberty denies, Plaintiffs

still fail to state a cause of action against her because any alleged breach of duty was in the course

and scope of her employment with Liberty, as Plaintiffs admit in their Petition.[25] Plaintiffs do not

assert any claims against Ms. Nash outside of negligence arising in the course and scope of her

employment with Liberty.[26]  Stated another way, no claims against Ms. Nash independent of her

role as an employee of Liberty are presented in this matter.

23.

Plaintiffs' claims of negligence against Ms. Nash require satisfaction of a "duty-risk"

analysis pursuant to Louisiana Civil Code article 2315.[27]  The threshold question in any negligence

claim is whether the defendant owed the plaintiff a duty.[28]  Generally, a duty arises as a "result of

the relationship and circumstances of the parties."[29]

24.

However, with respect to employee negligence, an "employee's duty is the result of the

employer's delegation of a duty that the employer owed to the third party to the employee."[30]  The

---

[25]     *See* Petition ¶ 15; *see also* Exhibit D.

[26]     *See generally* Petition; *see also* Exhibit D.

[27]     *Labarre v. Occidental Chem. Co.*, 2017-1368 (La. App. 1 Cir. 5/2/18), 250 So. 3d 932, 938, *writ denied*, 2018-0912 (La. 9/28/18), 252 So. 3d 929 (*citing Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 2001-2217 (La. 4/3/02), 816 So. 2d 270, 275–76).

[28]     *Gros v. Warren Properties, Inc.*, 2012 WL 5906724, *6 (E.D. La. Nov. 26, 2012) (*citing Hanks v. Entergy Corp.*, 2006-477 (La. 12/18/06), 944 So. 2d 564, 580).

[29]     *Id.* (citation omitted).

[30]     *Id (*citing *Canter v. Koehring, 283 So. 2d 716, 722 n.7* (La. 1973), *superseded on other grounds by statute*, La. Rev. Stat. 23:1032 (1998)).

9

Louisiana Supreme Court has articulated a context-specific analysis for cases that allege individual and personal liability of employees for injuries caused by their negligent actions occurring within the course and scope of their employment.[31]   The Court has held that "personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. [The employee] must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages."[32] Therefore, if an employee does not owe an individual duty to a plaintiff beyond what is owed through delegation in employment, a negligence claim seeking personal liability cannot prevail.[33]

25.

Plaintiffs allege that Ms. Nash breached her duty by failing to obtain sufficient insurance, failing to inform them of same, failing to take into account the increased cost of building materials and labor when determining policy limits, misrepresenting to them that there was sufficient coverage, and setting the policy limits too low to provide full replacement cost coverage.[34]  Even if these allegations were true, however, there is no question that Ms. Nash's duty to Plaintiffs arises entirely from the scope of her employment as an agent for Liberty; therefore, Ms. Nash cannot be held personally liable for any claimed damages.[35]   Outside of Ms. Nash's employment with

---

[31]    *Id.*

[32]    *Gros v. Warren Properties, Inc.*, 2012 WL 5906724, at *7 (*citing Canter*, 283 So. 2d at 721).

[33]    *See id.* at *7-10 (citations omitted).

[34]    *See* Petition ¶ 14.

[35]    *See* La. Civ. Code art 2320 ("[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."); *see also Macaluso v. Travelers Cas. And Sur. Co.*, 2010-1478 (La. App. 1 Cir. 2/23/11), 59 So.3d 454, 459 (stating that vicarious liability of employers is based upon article 2320, "which provides that employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed") (*citing Henly v. Phillips Abita Lumber Co.*, 06-1856 (La. App. 1st Cir. 10/3/07), 971 So.2d 1104, 1112-13).

Liberty, she owed no personal duty to Plaintiffs, and Plaintiffs fail to claim as much in their Petition. Because Plaintiffs have no cause of action against Ms. Nash that is separate from the cause of action against Liberty, they are unable to satisfy the threshold element of their negligence claims against her based upon the facts alleged in their Petition. Under a Rule 12(b)(6) analysis, Plaintiffs' claims fail to establish a cause of action against a non-diverse, local party.

26.

Because Plaintiffs and Liberty are citizens of different states and Ms. Nash has been improperly joined in the lawsuit, complete diversity exists for purposes of 28 U.S.C. 1332(a) and 28 U.S.C. 1441.

## C. Amount in Controversy

27.

If the state in which a removed suit was filed does not permit a demand for a specific sum in an initial pleading, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.[36] Louisiana law prohibits a plaintiff in a state-court civil action from including a "specific monetary amount of damages . . . in the allegations or prayer for relief of any original, amended, or incidental demand."[37] Accordingly, a defendant removing a suit from a Louisiana state court must show by a preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.[38] The removing party may meet its burden of proof by (1) demonstrating that "it is apparent from the face of the petition that

---

[36] *See* 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

[37] *See* La. Code Civ. P. art. 893.

[38] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000) (*citing* La. Code Civ. P. art. 893 *and Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)).

the claims are likely to exceed $75,000," or (2) offering "summary judgment type evidence" to support a finding that the amount exceeds $75,000.[39]

28.

Here, Plaintiffs claim that they are owed, among other things, "the difference in value of the policy limits including endorsement increases and the cost to replace and rebuild their home."[40] The difference between the policy's $492,700 dwelling limit (not including "endorsement increases") and Liberty's $830,190 replacement cost estimate is $337,490—well more than $75,000.[41] In addition, Plaintiffs claim they are owed "endorsement increases" (presumably referring to the Policy's Inflation Protection Endorsement), mental anguish, expert fees, and all general and equitable relief to which they are entitled.[42] Taken together, Plaintiffs' alleged damages clearly exceed the jurisdictional minimum of $75,000. Therefore, Plaintiffs' claims exceed the jurisdictional amount, exclusive of interest and costs, and the amount in controversy necessary for diversity jurisdiction under 28 U.S.C. 1332(a) is satisfied.

29.

Finally, the Petition does not contain any allegation that the damages sought are insufficient to satisfy the requirements for federal jurisdiction.[43] The lack of such an allegation may operate as a concession that the jurisdictional minimum is met.[44]

---

[39]     *See, e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[40]     Petition ¶ 16.

[41]     *Compare* Exhibit C, at p. 2 with Exhibit C, at p. 182.

[42]     Petition ¶ 16.

[43]     *See* La. Code Civ. P. art. 893(A)(1).

[44]     *See e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) ("By failing to allege that their damages were insufficient to satisfy the federal jurisdictional minimum, plaintiffs have, in effect, conceded by their state court pleadings that the requisite jurisdictional amount is in controversy.").

30.

Accordingly, the amount in controversy exceeds $75,000.00.  Removal of this matter to federal court is proper under 28 U.S.C. § 1441.

### III. TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

31.

Now, Liberty further shows that this removal is timely sought under 28 U.S.C. § 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

### A.  This Removal is Timely Under 28 U.S.C. § 1446(b)(1)

32.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b), which provides in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[45]

33.

Under the improper joinder doctrine, a case in which a plaintiff has, for the purposes of defeating diversity jurisdiction, sued a non-diverse party against whom plaintiff cannot recover is treated as if it were a diversity case from its commencement.[46]

34.

Liberty was served with the Petition on March 22, 2023 through the Louisiana Secretary of State.[47]  This Notice of Removal is being filed within 30 days of that date.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

---

[45]    *See* 28 U.S.C. § 1446(b)(1).

[46]    *See Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216 (5th Cir. 2018).

[47]    *See* Exhibit A, at pp.6, 8 & 10.

13

**B. This Removal Does Not Violate 28 U.S.C. § 1441(b)(2)'s Forum-Defendant Rule**

35.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

36.

Here, no properly joined Defendant is a citizen of the State of Louisiana; thus, this removal does not violate the forum-defendant rule.

## IV. CONSENT TO REMOVAL

37.

When a civil action is removed and there are multiple defendants to the state action, all properly joined and served defendants must join the removal petition.[48]  However, a moving party need not obtain the consent of a co-defendant that the removing party contends is improperly joined.[49]

38.

Ms. Nash has not been served and, therefore, her consent is not required under 28 U.S.C. § 1446(b). Nevertheless, the undersigned represent all named defendants, all of whom consent or will consent to removal if properly joined and served.

---

[48]    *See* 28 U.S.C. § 1446(b); *Johnson v. Helmerich & Payne, Inc.*, 892 F. 2d 422 (5th Cir. 1990).

[49]    *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

14

## V. PROCEDURAL COMPLIANCE

39.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Liberty are attached hereto as Exhibit "A."

40.

Plaintiffs requested a trial by jury in their Petition.

41.

Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

## V. CONCLUSION

In sum, there exists complete diversity of citizenship between Plaintiffs and the properly joined defendants, and the amount-in-controversy exceeds $75,000. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. A copy of this Notice of Removal will be filed promptly with the state court clerk in accordance 28 U.S.C. § 1446(d). Accordingly, Liberty Mutual Insurance Company, Liberty Personal Insurance Company, Liberty Mutual Fire Insurance Company, respectfully request that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

_/s/ Jeffrey A. Clayman_
H. Minor Pipes, III, 24603
Jeffrey A. Clayman, 30442
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Fax: (504) 322-7520
mpipes@pipesmiles.com
jclayman@pipesmiles.com

*Attorneys for Defendants Liberty Mutual Insurance Company, Liberty Personal Insurance Company, and Liberty Mutual Fire Insurance Company*