UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SARITA A. DIXON, ET AL.                                CIVIL ACTION

VERSUS

LIBERTY MUTUAL INSURANCE
COMPANY, ET AL.                                        NO. 23-00313-BAJ-RBJ

## RULING AND ORDER

This is an insurance dispute. Plaintiffs' house caught fire in December 2022, "rendering a total loss." (Doc. 1-1 ¶¶ 2, 9). After receiving notice that their "insurance policy's limits were not sufficient" to rebuild or replace their home, Plaintiffs sued the Liberty Mutual Defendants and the insurance agent who first sold them the residential policy in 2014, Defendant Michelle Nash. (*Id.* ¶ 11). Plaintiffs allege that Nash and Defendants negligently misrepresented that Plaintiffs' residential policy "would cover 100% of the cost to rebuild/replace the [H]ome," among other related claims. (*Id.* at ¶ 12). On March 21, 2023, Defendants removed Plaintiffs' cause of action to this Court, arguing that Nash, the only Defendant preventing complete diversity under 28 U.S.C. § 1332, was improperly joined.

Now before the Court is Plaintiffs' **Motion to Remand (Doc. 8)**, which argues that Nash was properly joined because she "determined or approved changes in the base policy limit which did not provide full replacement costs coverage for the [Home] while [also] misrepresenting to the Plaintiffs that the policy did provide full replacement costs coverage." (Doc. 8-1 at 13, 14). Because joinder was proper, Plaintiffs argue, remand is appropriate because the parties lack complete diversity,

as required by 28 U.S.C. § 1332. (*Id.*). Defendants oppose remand, contending that joinder was improper because the claims against Nash are peremtped by Louisiana Revised Statute § 9:5606, which sets forth a three-year peremption (or limitations) period for bringing negligence claims against an insurance agent. (Doc. 14).

On January 10, 2024, the Magistrate Judge issued a **Report And Recommendation (Doc. 32, the "Report")** recommending that Plaintiffs' Motion to Remand be denied. The Report further recommends that Nash be dismissed without prejudice as improperly joined. (Doc. 32 at 9). Plaintiffs object to the Report, arguing that the three-year peremptive period under La. R.S. § 9:5606 does not apply here, because the yearly renewal of Plaintiffs' policy in March 2022 was really an entirely new policy which restarted the peremption clock for their claims against Nash. (Doc. 34). According to Plaintiffs, Nash's initial act of negligence—representing incorrectly that the policy provided full replacement coverage—was recommitted when Plaintiffs' policy was reissued and therefore the claims against Nash are not peremtped.

"[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant[.]" *Smallwood v. Illinois Cent. R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004). If Plaintiffs' claims against Nash are peremtped under La. R.S. § 9:5606, Plaintiffs have no possibility of recovery against her. "Generally, subsequent renewals of insurance policies 'do not operate to restart peremption.'" *White v. Allstate Ins. Co.*, 513 F.Supp.2d 674, 681 (E.D. La. 2007) (quoting *Dobson v. Allstate Ins. Co.*, No. 06-252,

2006 WL 2078423, at *8 (E.D. La. Jul. 21, 2006)). "In order for each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct acts, each of which gives rise to immediately apparent damages." *Id.* (quoting *Biggers v. Allstate Ins. Co.*, 04-282 (La. App. 5 Cir. 10/26/04), 886 So.2d 1179, 1182); *see also Sonnier v. La. Farm Bureau Mut. Ins. Co.*, 2005-1006 (La. App. 3 Cir. 3/1/06), 924 So.2d 419, 422, *writ denied*, 2006-0704 (La. 5/26/06), 930 So. 2d 33 (holding that a renewal may constitute a separate act if an insured requests specific coverage at the time of renewal). "The inquiry is whether the actions of the insurance agent at the time of renewal can be construed to constitute an act separate from the initial policy procurement." *White*, 513 F.Supp.2d at 681 (quoting *Gomez v. Allstate Ins. Co.*, No. 06-8274, 2007 WL 1166150, at *2 (E.D. La. Apr. 17, 2007)).

Here, there is no "evidence that [P]laintiffs contacted [Nash] in the three years before the loss to discuss their coverage." *Farris v. State Farm Fire & Cas. Co.*, No. 2:06CV2036, 2007 WL 734682, at *6–7 (W.D. La. Jan. 22, 2007) (finding peremptive period had run and dismissing insurance agent defendant). In fact, Plaintiffs have failed to point to any actions by Nash during the 3 years prior to the filing of this lawsuit that warranted Plaintiffs' assumption that their home was insured in an amount sufficient to rebuild it.

Plaintiffs, who argue that the yearly increases to the policy limits alone constituted acts of negligence sufficient to restart the peremption period, rely heavily on a single ruling from 2006, *Giardina v. Allstate Ins. Co.*, CIV.A. 06-6415, 2006 WL 3406743, (E.D. La. Nov. 22), in which a court granted a motion to remand under

3

similar circumstances. Notwithstanding that nonbinding precedent, the Court finds that the case law weighs heavily in favor of requiring more than regular increases in the premium to justify restarting the peremption period. *See Prac. Healthcare Supply, Inc. v. AssuredPartners Gulf Coast Ins. Agency, LLC*, 112 F. Supp. 3d 519, 526–28 (W.D. La. 2015) ("A policy renewal will restart the peremptive period only if the insured and his agent renegotiate the terms and provisions of the policy or discuss substantive changes to the policy at the time of the renewal and those changes are not accurately reflected in the renewed policy."); *Rowe v. Primerica Life Ins. Co.*, No. CV 19-863-SDD-SDJ, 2020 WL 5658201, at *5–6 (M.D. La. Sept. 23, 2020) (finding claims perempted where plaintiff's petition was "devoid of any factual allegation even referencing any annual renewals or communication"); *White*, 513 F. Supp. at 681 (finding subsequent renewals generally do not re-start peremption period unless there are additional "separate and distinct acts" associated with renewal that give rise to "immediately apparent damages"); *Sitaram, Inc. v. Bryan Ins. Agency, Inc.*, 47,337 (La. App. 2 Cir. 9/19/12), 104 So.3d 524, 531 (finding no peremption because each year, prior to policy renewal date, plaintiff told insurance agent he wanted to insure his property to the "maximum extent," and the insurance agent's failure to follow these directions constituted a separate and distinct act).

Here, Plaintiffs have failed to allege that they engaged in any communications, negotiations, or other actions with Nash regarding their policy in the 3 years prior to filing suit. Moreover, the insurance policy changed in no way save the regular annual increases in the policy limit. (*See* Doc. 32 at 5). For these reasons, the three-year

4

peremption period of La. R.S. § 9:5606 started running when the policy was first issued in 2014 and did not restart. Plaintiffs' claims against Nash are therefore perempted.

Upon de novo review, and having carefully considered the Notice of Removal (Doc. 1), the parties' memoranda setting forth their various arguments and respective positions regarding the Court's exercise of jurisdiction over this action, Plaintiffs' objection to the Report, and related filings, the Court **APPROVES** the Magistrate Judge's Report And Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Also before the Court is Defendants Liberty Mutual Insurance Company (LMIC) and Liberty Mutual Fire Insurance Company's (LMFIC) **Motion To Dismiss For Failure To State a Claim (Doc. 7)**, which seeks dismissal of Plaintiffs' claims because neither Defendant "issued a policy of homeowners insurance to Plaintiffs." (*Id.* at 4). Plaintiffs oppose the motion. (Doc. 9). With respect to Defendant LMIC, Plaintiffs argue that LMIC was Nash's employer and is "vicariously liable for her negligence." (*Id.* at 2). Because the Court is dismissing Plaintiffs' claims against Nash as perempted, no vicarious liability claims can lie against her employer. *See Charles v. Mancuso*, No. 2:20–CV–00800, 2023 WL 6053759, at *4 (W.D. La. Sept. 15, 2023) (citing *Doss v. Morris*, 86 Fed. App'x 25, 29 (5th Cir. 2004)) (dismissing all state law claims against employer because plaintiffs' claims were insufficient as to employee officers on summary judgment). Plaintiffs' vicarious liability claims against

5

Defendant LMIC will therefore be dismissed.[1]

As for the additional claims against Defendants LMIC and LMFIC, Plaintiffs argue that the mere assertion that these Defendants did not issue an insurance policy "is insufficient to support their dismissal when viable causes of action have been alleged against them." (Doc. 9 at 2). The Court agrees. LMIC and LMFIC allege that they did not issue an insurance policy to Plaintiffs; Plaintiffs allege that LMIC and LMFIC did. At this stage, however, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted). Courts under similar circumstances have allowed insurance company defendants to attach documentation showing that no policy was issued to a plaintiff. *See, e.g., Little v. USAA Cas. Ins. Co.*, No. 1:09CV102, 2009 WL 10676838, at *1 (S.D. Miss. Mar. 9, 2009); *Banks v. State Farm Fire & Cas. Co.*, No. 1:22-CV-03934, 2023 WL 6466245, at *1 (W.D. La. Oct. 4, 2023). Although the Court must credit Plaintiffs' claims on the pleadings before it, LMIC and LMFIC may resubmit their motion attaching evidence to substantiate its claim.

Accordingly,

---

[1] Plaintiffs have also filed a **Motion for Leave to File Surreply (Doc. 17)** to Defendants LMIC and LMFIC's Motion to Dismiss. Plaintiffs argue that because LMIC and LMFIC raised challenges to the claims against Defendant Nash in their Reply in Support of the Motion (Doc. 13), Plaintiffs should be given leave to "address the new issues raised." (Doc. 17 at 2). Those "new issues," however, have been extensively litigated in Plaintiffs' Motion to Remand and are addressed in the Magistrate Judge's Report and this Order. Plaintiffs will not be given leave to file additional briefing to rehash arguments regarding an issue that has been decided. *See Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 (5th Cir. 2014) ("[S]urreplies are heavily disfavored by courts.").

**IT IS ORDERED** that Plaintiffs' **Motion To Remand (Doc. 8)**, be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Michelle Nash be and are hereby **DISMISSED WITHOUT PREJUDICE** because she was improperly joined.[2]

**IT IS FURTHER ORDERED** that Defendant Michelle Nash's **Motion to Dismiss (Doc. 23)** be and is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company's **Motion to Dismiss for Failure to State a Claim (Doc. 7)** be and is hereby **GRANTED IN PART**. Plaintiffs' vicarious liability claims against Defendant Liberty Mutual Insurance Company be and are hereby **DISMISSED WITHOUT PREJUDICE**. In all other respects, the Motion be and is hereby **DENIED**. Defendants Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company may resubmit their motion attaching evidence that they did not issue a policy to Plaintiffs.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion for Leave to File**

---

[2] See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 210 (5th Cir. 2016) ("[T]he dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance.").

**Surreply (Doc. 17)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 6th day of February, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

8